Thomas Jefferson Owners Corp. v Lokshin (2020 NY Slip Op 51430(U))

[*1]

Thomas Jefferson Owners Corp. v Lokshin

2020 NY Slip Op 51430(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-418 Q C

Thomas Jefferson Owners Corp., Appellant, 
against
Igor Lokshin, Respondent, et al., Undertenants.

The Law Offices of James E. Kasdon (James E. Kasdon of counsel), for appellant.
Law Offices of Stuart S. Meyer, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Maria
Ressos, J.), dated December 11, 2018. The order, insofar as appealed from, granted the branch of
tenant's motion seeking to dismiss the petition and denied the branch of landlord's cross motion
seeking summary judgment on the petition in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Landlord, a residential cooperative corporation, brought this nonpayment summary
proceeding against tenant, a shareholder in the corporation and the proprietary lessee of an
apartment, alleging that tenant's rent had been unpaid from November 2017 through February
2018. The underlying rent demand included, among other things, items of "additional rent" of
$900 for inspection fees and a violation clearing charge by the New York City Department of
Housing and Preservation Development (HPD), and $1,610 in legal fees.
By order entered December 11, 2018, insofar as appealed from, the Civil Court granted the
branch of a motion by tenant seeking to dismiss the petition and denied, as moot, the branch of a
cross motion by landlord seeking summary judgment on the petition, finding, for several reasons,
that the rent demand had not constituted a good faith approximation of the amount of rent
due.
The HPD fees landlord included in its rent demand did not fall within the coverage of the
items permitted as additional rent under the proprietary lease, and, thus, were improperly
included in landlord's rent demand. Further, although the proprietary lease permits certain legal
fees to be charged to tenant as additional rent, the legal bills landlord submitted were redacted
without explanation, and were thus inadequate to support its demand. A rent demand setting
forth the approximate good faith amount of rent owed is a statutory prerequisite to bringing a
[*2]nonpayment proceeding (see EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019
NY Slip Op 50068[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; 125 Ct. St., LLC v Sher, 58 Misc 3d
150[A], 2018 NY Slip Op 50092[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Here, the improper fees, as well as the potentially improper fees, constituted a substantial
proportion of landlord's total demand. For this reason, we find the rent demand to be defective
without passing upon any other alleged deficiencies therein. Since the rent demand was
defective, the Civil Court properly granted the branch of tenant's motion seeking to dismiss the
petition and denied, as moot, the branch of landlord's cross motion seeking summary judgment
on the petition. Landlord's remaining contention lacks merit.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020